**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 07-4240**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HERBERT LEWIS TURNER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:01-cr-30062-sgw)

_____

Submitted: November 6, 2007          Decided: August 13, 2008

_____

Before TRAXLER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

Craig W. Sampson, BARNES & DIEHL, PC, Chesterfield, Virginia, for Appellant. Nancy Spodick Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herbert Lewis Turner seeks to appeal the district court's order revoking his supervised release and sentencing him to eighteen months' imprisonment. In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on January 18, 2007. Turner filed the notice of appeal on February 20, 2007,[*] after the ten-day appeal period expired but within the thirty-day excusable neglect period. Because the notice of appeal was filed within the excusable neglect period, we remand the case to the district court for the limited purpose of permitting the court to determine whether Turner has shown excusable neglect or good cause warranting an extension of the ten-day appeal period. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED

---

[*]The envelope in which the notice was mailed was postmarked February 20, 2007. Under the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), a document is deemed filed by a prisoner when it is delivered to prison officials for mailing.